IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| THE CONSTITUTION OF THE UNITED STATES OF AMERICA (AD 1789/1791), ON RELATION TO JAMES-RUSSELL: ILER, A SOVEREIGN, ONE OF THE SOVEREIGNTY, <br><br>                Plaintiff, <br><br>   vs. <br><br>MITCHELL SOUTHWICK, PRIVATE CAPACITY, FIDUCIARY TRUSTEE, AND SCOTT W. IMMOOS, PRIVATE CAPACITY, FIDUCIARY TRUSTEE AND WALTER DILLMAN, ACCESSORY CONTRIBUTOR, AND JOHN AND JANE DOE, I - XX, <br><br>                Defendants. | Civil Case No. 08-21-KI <br><br> OPINION AND ORDER |

      c/o Constitutional Office of Postmaster for
      James-Russell:  Iler, a sovereign
      Domiciled on Patented Land near N 44° 51' by W117° 14'
      near T8S R45E Sec.20, W.M.
      all near Richland, Oregon de jure,
      The United States of America

        Pro Se Plaintiff

Page 1 - OPINION AND ORDER

      Kenneth S. Montoya
      280 Liberty Street, SE, Suite 206
      Salem, Oregon  97301-3595

           Attorney for Defendants

KING, Judge:

      Plaintiff James-Russell: Iler alleges claims arising from the impoundment of his pickup truck.  Plaintiff's first theory is that defendants violated their Article VI Oath of Allegiance and Fidelity to support the Constitution.  Plaintiff's alternate theory is that his property was wrongfully seized in violation of the Fourth and Fifth Amendments.  Before the court are Defendants' Motion for Summary Judgment (#29) and Petitioner's Motion to Strike (#50).

## THRESHOLD ISSUES

      Plaintiff moves to strike the Declaration of W. Scott Immoos.  Plaintiff first contends that the Declaration is based on belief and not personal knowledge.  I disagree–Immoos describes his observation of plaintiff driving when Immoos was aware that his driving privileges were suspended, and Immoos's other conduct in making the traffic stop, confirming information with his dispatcher, talking to plaintiff, citing plaintiff, and impounding plaintiff's car.  All of this is within Immoos's personal knowledge.

      Plaintiff next contends that the declaration is unsworn and fails to comply with the specific language in 28 U.S.C. § 1746 that allows the use of unsworn declarations in place of affidavits under certain circumstances.  The statute gives language for the declarant to state "in substantially the following form."  Id.  Immoos declared that his statement was "true to the best of my knowledge and belief and that I understood it is made for use as evidence in court and

subject to penalty for perjury." Immoos Decl. at 3. This statement fulfills the requirements of Section 1746.

Accordingly, I deny plaintiff's motion to strike Immoos's declaration.

Plaintiff also moves for a continuance under Federal Rules of Civil Procedure 56(f), which states: "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." On defendants' request, I previously stayed discovery pending ruling on their motion for summary judgment. According to plaintiff, he cannot respond to the pending motion for summary judgment until he receives his discovery.

I reviewed plaintiff's discovery requests sent to defendant Southwick, which were provided to me by defendants, but found nothing that might uncover evidence which would change the analysis below. I also note that plaintiff did not serve these discovery requests until August 29, 2008, the day after defendants moved for summary judgment. Defendants state that plaintiff made no prior discovery requests during the nearly nine months this case has been pending. Moreover, plaintiff was present when his truck was impounded so he could have filed a declaration based on his personal knowledge if he disagreed with any of the statements in Immoos's declaration. He did not do so.

Plaintiff has not persuaded me that he is unable to respond to the pending motion for summary judgment until he receives the discovery requests that I stayed. Thus, I deny his motion to continue and will decide the motion on the basis of the record before me.

Page 3 - OPINION AND ORDER

## FACTS

Deputy Sheriff Scott Immoos was on duty in a marked patrol vehicle on June 19, 2007 near Richland, Oregon when he observed plaintiff driving a red Toyota pickup truck on the public road. Immoos was aware at the time that plaintiff's driving privileges were suspended. He also observed that the truck had no license plate on either the front or the rear. Immoos executed a traffic stop and made contact with plaintiff, who pulled out a tape recorder to tape the conversation.

Immoos requested a "wants" and a driving status check on plaintiff from Baker County Dispatch. Immoos was told that plaintiff's driving privileges were still suspended. Immoos asked plaintiff if the truck was insured. Plaintiff stated that he was not required to maintain insurance on his automobile because it was his private property and not the property of the State.

Immoos asked Dispatch to send a tow truck to impound plaintiff's truck. He issued plaintiff a citation for driving while suspended in violation of ORS 811.175, driving without insurance in violation of ORS 806.010, and failure to register a vehicle in violation of ORS 803.300. Defendant Walter Dilman, who operates a private garage, arrived to tow the truck as instructed by Immoos. Defendant Mitchell Southwick, Baker County Sheriff, was not personally involved in the traffic stop or impoundment.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.

Page 4 - OPINION AND ORDER

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Although plaintiff alleges a breach of fiduciary duty claim, it is based on an alleged failure to support the Constitution. Thus, the core for both of plaintiff's claims are that his Fourth Amendment right to be free from unreasonable seizures and his Fifth Amendment right to due process were violated by the illegal seizure of his truck.

Reasonable suspicion is adequate to conduct an investigative traffic stop. US v. Lopez-Soto, 205 F.3d 1101, 1104-05 (9th Cir. 2000). Immoos was aware that plaintiff's driving privileges were suspended. Additionally, the truck had no license plates displayed, a violation of ORS 803.540, even if the truck was registered. Thus Immoos had, at a minimum, reasonable suspicion to stop plaintiff to investigate the driving privilege suspension and probable cause to investigate the license plate or registration offense.

Dispatch confirmed that plaintiff's driving privileges were still suspended. Plaintiff admitted that the truck was not insured. At this point, Immoos had probable cause for these offenses. ORS 809.720 states:

> (1) A police officer who has probable cause to believe that a person, at or just prior to the time the police officer stops the person, has committed an offense described in this subsection may, without prior notice, order the vehicle impounded until the person with right to possession of the vehicle complies with the conditions for release or the vehicle is ordered released by a hearings officer. This subsection applies to the following offenses:
>
> (a) Driving while suspended or revoked in violation of ORS 811.175 or 811.182.

      (b) Driving while under the influence of intoxicants in violation of ORS 813.010.

      (c) Operating without driving privileges or in violation of license restrictions in violation of ORS 807.010.

      (d) Driving uninsured in violation of ORS 806.010.

Immoos had probable cause to believe that plaintiff was driving while suspended and driving uninsured. Thus, under ORS 809.720, Immoos had the authority to impound plaintiff's truck. Authority under a state statute, however, does not answer the question of whether the impoundment was reasonable under the Fourth Amendment. Miranda v. City of Cornelius, 429 F.3d 858, 864-65 (9th Cir. 2005).

Turning to federal constitutional law, the impoundment of an automobile is a seizure under the Fourth Amendment. Id. at 862. "An impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location." Id. at 865.

Here, plaintiff's truck was pulled to the side of a public road. Plaintiff could not legally drive the truck and the truck could not legally be driven by another person, assuming that plaintiff could summon friends to help. "The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation." Id. Impoundment of the truck was reasonable under the Fourth Amendment to prevent a traffic hazard by leaving it parked at the side of the road.

In summary, the seizure is reasonable and did not violate the Fourth Amendment.

Under the Due Process Clause, the government may not deprive a person of property without notice and opportunity for hearing appropriate to the nature of the case. Clement v. City

Page 6 - OPINION AND ORDER

of Glendale, 518 F.3d 1090, 1093 (9th Cir. 2008).  The hearing is typically provided prior to the deprivation but there are exceptions for an emergency, if the notice would defeat the point of the seizure, or when the interest at stake is small relative to the burden that giving notice would impose.  Id. at 1093-94.  The fact that plaintiff's car was parked at the side of a public road and could not be legally driven provide an emergency sufficient to allow the government to provide a post-deprivation hearing.  Therefore, the impoundment did not violate the Due Process Clause either.

I will make two alternative holdings regarding the remaining defendants.

First, Southwick was not involved in the impoundment of plaintiff's truck.  There is no pure respondeat superior liability under Section 1983.  A supervisor is liable only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to protect them."  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007), petition for cert. filed, 76 U.S.L.W. 3410 (U.S. Jan. 17, 2008) (No. 07-958).  None of plaintiff's allegations implicate Southwick in this manner.

Second, Dillman, as the tow operator, has a good faith defense for following Immoos's instructions, even if there was a constitutional violation.  Clement, 518 F.3d at 1096-97.

Accordingly, there was no constitutional violation and no resulting breach of fiduciary duty for failure to support the Constitution.  I grant summary judgment and dismiss all claims with prejudice.

///



///

## CONCLUSION

Petitioner's Motion to Strike (#50) is denied.  Defendants' Motion for Summary Judgment (#29) is granted.  This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this <u>    1st        </u> day of December, 2008.

<u>    /s/ Garr M. King            </u>
Garr M. King
United States District Judge